**THARPE & HOWELL, LLP**
**15250 Ventura Boulevard, Ninth Floor**
**Sherman Oaks, California 91403**
**(818) 205-9955; (818) 205-9944 fax**

HEATHER M. McKEON, ESQ.; STATE BAR NO.: 186414
Email: hmckeon@tharpe-howell.com
SARAH J. REYNOLDS, ESQ.; STATE BAR NO.: 299510
Email: sreynolds@tharpe-howell.com

Attorneys for Defendant,
STATE FARM GENERAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO OAKLAND DIVISION

| | |
|---|---|
| IRENT INC, <br><br> Plaintiff, <br><br> v. <br><br> STATE FARM GENERAL INSURANCE COMPANY, <br><br> Defendants. | Case No. <br><br> [Marin County Superior Court Case No.: CV0006586] <br><br> Complaint Filed: June 12, 2025 <br><br> **NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(a) AND 1441(a), (b)** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1332(a) and § 1441(a) and (b), Defendant STATE FARM GENERAL INSURANCE COMPANY, ("Defendant" or "State Farm"), contemporaneously with the filing of this notice, is effecting the removal of the below referenced action from the Superior Court of the State of California for the County of Marin, to the United States District Court, Northern District of California – San Francisco/Oakland Division. The removal is based, specifically, on the following grounds:

///

///

**JURISDICTION AND VENUE ARE PROPER**

1. This is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a) and (b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below. 28 U.S.C. §§ 1332(a), 1441(a) and (b), and 1446.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(1), 1391(b)(2), and 1446(a).

**PLEADINGS, PROCESS AND ORDERS**

3. On June 12, 2025, Plaintiff IRENT INC ("Plaintiff") commenced the above-entitled action in the Superior Court for the County of Marin by filing a Complaint therein entitled *IRENT INC vs. State Farm General Insurance Company*, Case No. CV0006586.

4. On June 12, 2025, the Marin County Superior Court issued a Summons on Plaintiff's Complaint.

5. On June 17, 2025, the Summons and Complaint were personally served on Defendant's registered agent for service of process. State Farm has also received:

- Civil Case Cover Sheet

A true and correct copy of the aforementioned documents served on State Farm, including the Summons and Complaint, is attached as **Exhibit A.**

6. On July 11, 2025, Defendant filed and served the Answer to Plaintiff's Complaint ("Answer"). A true and correct copy of the conformed copy of State Farm's Answer is attached hereto as **Exhibit B.**

7. The attached **Exhibits A** and **B** constitute all processes, pleadings, and orders served upon, filed by, or received by Defendant in this matter.

///

///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

# DIVERSITY

## A. Citizenship

8. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 in that it is a civil action wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs. This action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a) and (b), as the action is between citizens of different states.

9. Plaintiff IRENT INC was, at the time of the filing of this action, and presently remains, domiciled in the State of California and is therefore a citizen of the State of California. Plaintiff is the sole plaintiff in this action.

10. Defendant STATE FARM GENERAL INSURANCE COMPANY is incorporated in the State of Illinois and has its principal place of business in Illinois. Accordingly, Defendant is a citizen of Illinois. 28 U.S.C. § 1332(c)(1); *Johnson v. Columbia Properties Anchorage*, LP, 437 F.3d 894, 899 (9th Cir. 2006). State Farm is the sole named defendant in this action.

11. Therefore, complete diversity of citizenship exists between Plaintiff and Defendant.

## B. Amount in Controversy

12. Plaintiff's Complaint sets forth causes of action for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing ("Bad Faith"). Plaintiff also seeks to recover punitive damages and *Brandt* attorney fees. Plaintiff's claim was made under its Apartment insurance policy issued by Defendant. From the Complaint, Defendant has ascertained that the amount in controversy exceeds $75,000 as set forth below.

13. "[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee* Basin *Operating Co, LLC v Owen*, 574 U.S. 81, 89 (2014). Actual "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

the plaintiff contests, or the court questions, the defendant's allegation." *Ibid. See also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

14. The amount in controversy for jurisdictional purposes is determined by the amount of damage. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-348 (1977). It is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability, and is not affected by Plaintiff's ultimate recovery. *Lewis v. Verizon Communications, Inc.,* 627 F.3d 395, 400 (9th Cir. 2010), *St. Paul Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292-294 (1938). The amount in controversy is not limited to damages accrued before the time of removal and instead "encompasses all relief a court may grant on [the] complaint if the plaintiff is victorious." *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018). The amount in controversy includes not only economic damages, but also *Brandt* attorneys' fees, costs, and exemplary and punitive damages.

15. "When it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold." *Urbino v. Orkin Servs. Of California, Inc.*, 726 F.3d 1118, 1121-22 (9th Cir. 2013). Here, in Paragraph 16 and 17 of Plaintiff's Complaint, Plaintiff alleges that he was forced to pay his own money to repair the damage to his property because Defendant denied Plaintiff's Claim. During the claim handling process, Plaintiff provides State Farm with a repair estimate for Plaintiff's property totaling $305,448.83. A true and correct copy of the repair estimate is attached hereto as **Exhibit C.** This would mean that Plaintiff is seeking at least $305,448.83 from this instant action. Plaintiff's prayer for damages is in excess of $305,448.83 given that Plaintiff also seeks punitive damages and *Brandt* attorney fees. This amount clearly exceeds the jurisdictional requirement for diversity jurisdiction.

///

16.     California Courts have allowed for the recovery of attorneys' fees from an insurer in actions where policy benefits have tortiously been withheld. See *Brandt v. Superior Court*, 37 Cal.3d 813, 816-819 (1985). When faced with the question of whether attorney's fees, reasonably incurred to compel payment of policy benefits tortiously withheld by an insurer, are recoverable, the California Supreme Court answered in the affirmative. *Id.* at 815; see also *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F.Supp.1196, 1199 (N.D. Cal. 1998). In the instant action, Plaintiff's second cause of action is a Bad Faith claim in which *Brandt* fees are recoverable. The Bad Faith claim is premised on Plaintiff's allegation that Defendant is unreasonably withholding benefits due and owing.

17.     Lastly, Plaintiff seeks punitive damages against State Farm in an undisclosed amount, which are recoverable under Plaintiff's Bad Faith cause of action. "In general, claims for punitive damages are considered in determining the amount in controversy, as long as punitive damages are available under the applicable law." *Molnar v. 1-800-Flowers.com, Inc.*, 2009 U.S.Dist.LEXIS 131768, at *17 (C.D. Cal. Feb. 23, 2009, No. CV 08-0542 CAS (JCx)); see also *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943). A "conservate" estimate at a ratio of 1:1 between compensatory and punitive damages, *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007), would bring Plaintiff's alleged damages beyond $610,000 given Plaintiff's estimate of approximately $305,000. Thus, the amount in controversy, exclusive of interests and costs, easily exceeds the jurisdictional minimum of $75,000 and federal jurisdiction is proper.

## **TIMELINESS OF REMOVAL**

18.     This Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt by Defendant of Plaintiff's Complaint personally served on June 17, 2025, from which it could first be ascertained that the amount in controversy exceeds $75,000.00 and that the matter is removable. 28 U.S.C. §1446(b)(3).

19. Further, the instant removal is brought within one year of the commencement of the underlying action as required by 28 U.S.C. section 1446(c)(1). As noted, Plaintiff filed its Complaint on June 12, 2025.

20. For the reasons set forth above, this Court has original jurisdiction over this matter, and the instant removal is both proper and timely.

Dated: July 14, 2025                                         THARPE & HOWELL, LLP

By: /s/ Heather M. McKeon
HEATHER M. McKEON
SARAH J. REYNOLDS
Attorneys for Defendant,
STATE FARM GENERAL
INSURANCE COMPANY

# PROOF OF SERVICE

1. At the time of service I was at least 18 years of age and **not a party to this legal action.**
2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.
3. I served copies of the following documents (specify the exact title of each document served):

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(a) AND 1441(a), (b)**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| Tina Abdolhosseini, Esq.<br>PLG Damage Attorneys<br>2750 SW 145th Avenue, Suite 509<br>Miramar, Florida 33027<br>(786) 703-8810<br>EM: tinalegal89@gmail.com<br>tabdolhosseini@plglawyersfl.com | *Attorneys for Plaintiff*<br>*IRENT INC* |

5. a **X** **ONLY BY ELECTRONIC TRANSMISSION.** By e-mailing the document(s) to the person(s) at the e-mail address(es) listed in item 4 pursuant to prior written consent of the party(ies) served. Fed.R.Civ.P. 5(b)(2)(E) and (F). I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6. I served the documents by the means described in item 5 on *(date): See Below*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 7/14/2025 | Lizzette Chirinos | /s/ |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\35000-000\35961\Pleadings\Federal\2025.07.10 Ntc of Removal.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221